IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD J. HENSLEY,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

No. CIV S-04-2236 DAD

<u>ORDER</u>

_____/

      Plaintiff brought this action seeking judicial review of a final administrative decision denying his claims for Social Security disability insurance benefits and Supplemental Security Income. See 42 U.S.C. § 405(g). By previous order of the court, the decision of the Commissioner of Social Security ("Commissioner") denying benefits was reversed and this matter was remanded for further proceedings. Counsel for plaintiff has now filed a petition for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

      Counsel for plaintiff seeks an award of $6,505.60. The petition claims 39.3 hours of attorney time and 4.2 hours of paralegal time. Attorney fees under EAJA are set at the market

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

rate but capped at $125.00 per hour.  See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(2)(A)).  Nonetheless, counsel for plaintiff seeks to recover attorney fees at a rate greater than $125.00 per hour to account for inflation.

Defendant concedes that plaintiff was the prevailing party in this case and that plaintiff's counsel is entitled to reasonable attorney's fees.  However, defendant opposes the petition on the ground that the amount of time claimed is excessive, reflecting unnecessary and duplicative efforts, reflecting clerical work that should have been delegated to a non-attorney, and reflecting dilatory conduct by client and counsel, as a result of which the court issued three orders to show cause during this litigation.  Defendant urges the court to reduce Attorney Ann Cerney's hours from 6.2 hours to 1.75.  Defendant argues that Attorney Sarah Bohr's hours are excessive and should be substantially reduced and that no fees should be awarded in connection with the petition for attorney fees due to counsel's failure to attempt to negotiate or settle her EAJA request without litigation.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).  The prevailing party must apply for attorney fees within thirty days of the final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).

A party who obtains a remand for further proceedings in a social security case is a prevailing party for purposes of the EAJA.  Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the

EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). See also Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993) Accordingly, it is undisputed that plaintiff is a "prevailing party" in this case. It is also undisputed that plaintiff did delay this litigation by failing to comply with court orders and applicable rules. However, defendant does not contend that the position of the Commissioner was "substantially justified."[2]

With regard to defendant's argument that the hours claimed are unreasonable, the EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). However, it has been said that "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. (quoting Hensley, 461 U.S. at 437.)

Here, plaintiff's counsel secured a remand for further proceedings. Defendant argues that the claimed 34.3 hours of attorney time is excessive.[3] The undersigned declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., McDannel v. Apfel, 78 F. Supp. 2d 944, 954 (S.D. Iowa 1999); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). Having carefully reviewed the pending motion, however, the court finds the claimed 34.3 hours of attorney time a reasonable amount of attorney time to have expended on this matter. While the issues presented may have been straightforward, and while the court is mindful of the expertise of plaintiff's counsel, 34.3 hours is comparable to the amount of time devoted to

---

[2] On the parties' cross-motions for summary judgment, the Commissioner chose to defend a number of obvious flaws in the ALJ's decision. More specifically, the ALJ failed to properly evaluate plaintiff's subjective symptoms and failed to offer specific, clear, and convincing reasons for rejecting plaintiff's testimony. The ALJ also erred in relying on the Medical-Vocational Guidelines and failing to take testimony from a vocational expert. (See Order filed March 29, 2006.)

[3] Defendant does not challenge the 4.2 hours of paralegal time devoted to the matter.

similar tasks by counsel in other social security appeals coming before this court.  The court also appreciates that social security cases are often fact-intensive and is aware of the successful result obtained by counsel.  Therefore, counsel for plaintiff is entitled to an EAJA fees award in the amount requested, including the additional five hours requested for preparing a reply to defendant's opposition.

Plaintiff's counsel will be awarded attorney fees in the amount of $6,505.60, broken down as follows:

| | | |
|---|---|---|
| Ann Cerney | 2004: 3.7 hours @ $151.65[4] | $ 561.12 |
| | 2005: 1.9 hours @ $156.79 | 297.90 |
| | 2006: .6 hours @ $161.76 | 97.10 |
| | Total: 6.2 hours | $ 956.12 |
| Sarah Bohr | 2005: 24.1 hours @ $156.79 | $3,778.64 |
| | 2006: 9.0 hours @ $161.76 | 1,455.84 |
| | Total: 33.1 hours | $5,234.48 |
| Terry Sousa | 4.2 hours @ $75.00 | $ 315.00 |
| | **TOTAL** | **$6,505.60** |

The court will grant the motion for attorney fees under EAJA and counsel for plaintiff will be awarded a total EAJA award of $6,505.60.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted; and

/////

---

[4] Defendant has not challenged the rates utilized by plaintiff's counsel.  It appears that the EAJA adjusted hourly rates set forth above were computed by multiplying the basic EAJA rate by the consumer price index for urban consumers ("CPI-U") for the year in which the fees were earned, and then dividing the product by the CPI-U in the month that the cap was imposed.  See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001)(detailing how cost of living adjustment to the statutory cap is computed).  Application of the national change in cost of living to adjust the cap is appropriate because "if Congress had wanted to allow for the cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

2. Counsel for plaintiff is awarded $6,505.60 in attorney fees.

DATED: April 5, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/hensley2236.attyfees.eaja